■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HUNDLEY, Appellant.—Judgment, Supreme Court, New York County, entered September 12, 1975 (Indictment No. N1624-418/73), convicting defendant on jury trial of the crime of criminal sale of a controlled substance in the second degree (Penal Law, § 220.41) and sentencing him to an indeterminate term of imprisonment of six years to life to be served concurrently with the sentence on Indictment No. N953-329/74, is unanimously affirmed. Judgment, Supreme Court, New York County, entered September 12, 1975 (Indictment No. N953-329/74) convicting defendant on plea of guilty of the crime of attempted possession of a dangerous weapon (Penal Law, §§ 110, 265.02) and sentencing him to an indeterminate term of imprisonment of zero to three years, is unanimously modified, on the law, by reducing the sentence thereon to a definite term of imprisonment of one year to be served concurrently with the sentence on the narcotics charge (Indictment No. N1624-418/73), and otherwise affirmed. Defendant was charged in separate counts of consolidated indictments with narcotics offenses alleged to have occurred in separate incidents on October 10, 1973 and October 26, 1973, respectively. At the close of all the evidence, the trial court dismissed the counts relating to the October 26, 1973 incident, and submitted to the jury only the October 10, 1973 sale count, on which the jury convicted defendant. During the trial, the court overruled objections to evidence as to the October 26 incident, as well as events of November 8 and 12, which led to recovery of marked money paid on October 26. We think this was not error as this evidence was relevant to the October 26 counts in the indictment, even though the court ultimately determined that the totality of the evidence was insufficient to sustain those charges against defendant. It was made quite clear to the jury in the charge and in both summations that only the October 10 sale charge was before the jury. Defendant complains that the court did not expressly instruct the jury to disregard the evidence as to post-

October 10 events or to consider the November events only in relation to intent. We agree that defendant was entitled to a further instruction clearly limiting or perhaps barring the use of evidence of post-October 10 events in relation to the October 10 charge. But defendant did not request such an instruction. We have power to grant relief even in the absence of such a request, "as a matter of discretion in the interest of justice" (CPL 470.15 subd 6, par [a]). But here, disregarding the post-October 10 events, the proof of guilt of the October 10 sale was direct, overwhelming, and essentially uncontradicted by evidence. Indeed, although his attorney had said in his opening statement that the defendant would testify in his own defense, the defendant absconded during the People's case and thus the defense presented no witnesses. The evidence was that the October 10 sale was arranged with defendant; that defendant took the officer and the informant to his apartment for that purpose; that the sale took place in his apartment in defendant's presence; and that defendant there took the purchase money from the buyer's hand. In the face of overwhelming and uncontradicted evidence of guilt, we do not think "the interest of justice" requires us to exercise our discretion to reverse for failure of the trial court to give the limiting instruction which was not requested. For the same reasons we think there is no significant probability that the jury would have acquitted the defendant if such an instruction had been given, or even if the evidence as to post-October 10 events had been excluded. (Cf. *People v Crimmins,* 36 NY2d 230, 242.) As to the weapons charge, the court promised defendant at the time of plea that the sentence would be one year to run concurrently with the sentence on the narcotics charge. Yet the court imposed a three-year sentence. We agree with both sides that we should reduce the sentence to what the court promised, which has already been served. Concur—Lupiano, J. P., Silverman, Capozzoli and Lane, JJ.